UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DYLAN CORRAL,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JOHN DOES 1-10,<br><br>　　　　　Defendants. | Case No. 2:23-cv-05294-CAS-JDE<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED UNDER 28 U.S.C. § 1915(g) |

On June 30, 2023, the Court received from Dylan Corral ("Plaintiff"), an inmate or detainee at the Sacramento County Jail in Sacramento, California, proceeding pro se and without paying a filing fee or seeking leave to proceed in forma pauperis ("IFP"), a civil rights complaint under 42 U.S.C. § 1983 against John Does 1-10 based on events that allegedly occurred at California State Prison, Los Angeles County ("LAC") while Plaintiff was incarcerated there in 2019. Dkt. 1 ("Complaint").

Under 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

> States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The danger must exist at the time the prisoner filed the complaint, not at some earlier or later time. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (as amended).

Courts may raise Section 1915(g) sua sponte and dismiss the action after providing the plaintiff with an opportunity to be heard. See Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Fabricant v. Harbison, 2021 WL 5921470, at *2 (C.D. Cal. Sept. 1, 2021) ("Courts may raise § 1915(g) sua sponte."), accepted by 2022 WL 103187 (C.D. Cal. Jan. 11, 2022); Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010) ("Courts may, sua sponte, dismiss an action that is barred by Section 1915(g), but must notify the prisoner/litigant of the strikes it considers to support such a dismissal, and allow the prisoner an opportunity to be heard on the matter before dismissing the case."), adopted by 2010 WL 5315438 (C.D. Cal. Dec. 15, 2010). Once the court notifies a plaintiff that his case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate

burden of persuading the court that Section 1915(g) does not apply. Andrews, 398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez, 2010 WL 5313476, at *2.

Here, although the Court makes no current findings, the docket of other courts, of which this Court takes judicial notice, appear to reflect at least three prior civil actions filed by Plaintiff while incarcerated that resulted in dismissal for being frivolous, malicious, or failing to state a claim upon which relief may be granted:

1. Dylan Corral v. Lt. Bouldin, et al., No. 2:18-cv-1629-TLN-CKD (E.D. Cal. Jan. 13, 2020) (Dkt. 36, 37) (dismissing Plaintiff's second amended complaint for "failure to state a claim upon which relief can be granted").

2. Dylan Corral v. Cpl. Sullivan, No. 2:18-cv-01843-KJM-CKD (E.D. Cal. Mar. 17, 2020) (Dkt. 32, 33) (dismissing Plaintiff's second amended complaint for "failure to state a claim upon which relief can be granted").

3. Dylan Corral v. Corporal Martinez, et al., No. 2:19-cv-00859-JAM-KJN (E.D. Cal. July 27, 2020) (Dkt. 9, 21-24) (dismissing complaint for failure to state "a potentially colorable due process claim").[1]

---

[1] The district court affirmed the magistrate judge's dismissal of Plaintiff's complaint, granting leave to amend by a certain date, (see Case No. 2:19-cv-00859-JAM-KJN, Dkt. 9, 21), but Plaintiff did not do so. See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under Section 1915(g)").

As it appears that Plaintiff, a "prisoner," has had at least three prior civil actions he commenced as a prisoner dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, it appears this action is subject to dismissal under 28 U.S.C. § 1915(g). Further, as Plaintiff is no longer housed at LAC, he is not currently under imminent danger of serious physical injury stemming from the allegations in the Complaint.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed on the grounds that he has suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) and has not plausibly alleged that he is currently under imminent danger of serious physical injury. **Within twenty-one (21) days of this Order,** Plaintiff shall file a written response setting forth any legal or factual basis why this action should not be dismissed under 28 U.S.C. § 1915(g). In the alternative, Plaintiff may avoid dismissal by paying the full filing fee within this deadline.

The Court warns Plaintiff that failure to timely respond as directed in this Order may result in the dismissal of this action.

Dated: July 06, 2023

_____
JOHN D. EARLY
United States Magistrate Judge